UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANTONIO U. JOHNSON,

    Plaintiff,

v.

STATE OF MINNESOTA,

    Defendant.

Civil No. 07-1316 (DWF/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge for consideration of Plaintiff's pro se complaint, and his application for leave to proceed in forma pauperis, ("IFP"). For the reasons discussed below, the Court finds that Plaintiff's complaint in this matter is inadequate in several respects. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**I. BACKGROUND**

Plaintiff has filed a handwritten pleading that is nearly incomprehensible. As far as the Court can tell, Plaintiff believes that he has been mistreated by various government officials and private citizens, here in Minnesota, and in other states as well. The complaint includes no caption and does not identify who Plaintiff is attempting to sue. However, Plaintiff's IFP application and civil cover sheet indicate that the State of Minnesota is the sole Defendant.

The complaint does not describe anything that Defendant State of Minnesota has done, (or failed to do), that could explain why it is being sued. Nor does the complaint identify any legal theory or principle on which this action purportedly is based. Furthermore, the complaint

does not describe any specific remedy or relief that Plaintiff is seeking in this action.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted, or if the plaintiff is seeking damages from a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] The Court finds that Plaintiff's current complaint is fatally defective for several reasons.

First, the complaint does not set forth a coherent set of factual allegations that could support a cause of action. While a pro se pleading is to be liberally construed, it still must allege some cogent statement of facts, which if proven true, would entitle the plaintiff to secure some specific legal relief against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Plaintiff's current complaint

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

does not satisfy this requirement, because it does not describe any acts or omissions by the named Defendant, State of Minnesota, which could support any judgment in Plaintiff's favor against Defendant.

Furthermore, the complaint does not identify any legal theory or principle on which this action is predicated. Plaintiff's lawsuit does not appear to be grounded on any statute, case law, or established legal doctrine. For this additional reason, the complaint fails to state an actionable claim.

Finally, the complaint is defective because the only named Defendant, "State of Minnesota," is immune from suit in federal court by reason of the Eleventh Amendment. The Eleventh Amendment prohibits individuals from suing states in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, nor does the complaint identify any act of Congress that would abrogate the State's immunity. Therefore, Plaintiff's lawsuit is barred by the Eleventh Amendment.

## III. CONCLUSION

For all of the reasons cited above, the Court concludes that Plaintiff's complaint fails to state any legally cognizable claim against the named Defendant. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: February 28, 2007

                                                      s/ Arthur J. Boylan  
                                                      ARTHUR J. BOYLAN  
                                                      United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 14, 2007.